SARA M. CLAUDIO y OTROS, demandantes y apelados, *v.* HON. RAFAEL HERNÁNDEZ COLÓN y OTROS, demandados y apelantes.

*Número:* CE-88-244      *Resuelto:* 22 de junio de 1988

*Patricio Martínez Lorenzo,* de *Ramírez & Ramírez,* abogado de los apelantes; los apelados no comparecieron.

PER CURIAM: Mediante sentencia de fecha 9 de marzo de 1988, el Tribunal Superior de Puerto Rico, Sala de San Juan, declaró inconstitucional el uso del sistema de colegio cerrado provisto por la Ley Núm. 6 de 24 de septiembre de 1979 (16 L.P.R.A. sec. 1347 *et seq.*), según enmendada, conocida como la Ley de Primarias Presidenciales Compulsorias y el Reglamento para los Procesos de Primarias Presidenciales de los Partidos Políticos Nacionales: Demócrata y Republicano, por éste "violar el Artículo II, Sección 2 de la Constitución del Estado Libre Asociado de Puerto Rico, ya que impone un gravamen impermisible al sufragio universal". Sentencia, pág. 31. Expresó el referido tribunal, al así actuar, que el mencionado "sistema de colegio cerrado para la votación de las Primarias Presidenciales constituye un obstáculo irrazonable contra los electores del Estado Libre Asociado de Puerto Rico, hombres y mujeres, que tiene el efecto de impedir y agravar [*sic*] sustancialmente la franquicia electoral". Sentencia, pág. 26.

Inconforme, la parte demandada —compuesta la misma por el señor Gobernador de Puerto Rico, Hon. Rafael Hernández Colón, y el Secretario de Justicia de Puerto Rico, Lic. Héctor Rivera Cruz— radicó en tiempo "escrito de ape-

lación o petición de revisión" ante este Tribunal. Le imputó al foro de instancia la supuesta comisión de cuatro errores.(1)

Resolvemos darle curso a la apelación interpuesta. Estando en condiciones de resolver el recurso, sin ulterior trámite y al amparo de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. I-A, procedemos a así hacerlo.

Recientemente —en *Mundo Ríos v. Gobernador*, 121 D.P.R. 416, 419 (1988)— resolvimos que aun cuando "[e]l sistema de votación de colegio cerrado no es inconstitucional" per se, resulta así serlo cuando la legislación que lo establece —en ese caso, las disposiciones de ley que regulan las Primarias de Candidaturas a Cargos Electivos—(2) no provee alternativas factibles para que en las mismas emitan su voto electores tales como:

> ... (a) policías estatales y guardias municipales en servicio activo; (b) oficiales de custodia de la Administración de Corrección en servicio activo; (c) empleados de la Comisión en servicio activo el día de las primarias; (d) miembros de las Juntas locales y oficiales de la Junta de Inscripción Perma-

---

(1) "A. ... La Insuficiencia de la Prueba Para Establecer que el Sistema de Colegio Cerrado Violenta el Derecho Constitucional al Sufragio.

. . . . . . . .

"B. ... La Toma de Conocimiento Judicial de un Hecho Adjudicativo como lo es que la Condición de las Demandantes es Común a Otras Personas que no son Parte en el Pleito no es de Conocimiento General o Susceptible de Determinación Inmediata y Exacta Recurriendo a Fuentes Cuya Exactitud no Puede ser Razonablemente Cuestionada.

. . . . . . . .

"C. ... Lo Erróneo e Insuficiente de las Determinaciones de Hecho y Conclusiones de Derecho de la Sentencia Determinando que el Sistema de Colegio Cerrado es Inconstitucional.

. . . . . . . .

"D. ... El Tribunal Superior Cometió Grave Error de Derecho al Resolver que el Sistema de Votación de Colegio Cerrado que Establece la Ley Núm. 6 para Llevar a Cabo las Primarias Presidenciales Viola el Derecho al Sufragio Garantizado por el Artículo II, Sec. 2 de Nuestra Constitución." Petición de revisión, págs. 21–28.

(2) Art. 4.021 de la Ley Electoral de Puerto Rico, 16 L.P.R.A. sec. 3171.

nente; (e) médicos, enfermeras, personal paramédico, oficinistas y personal administrativo de los hospitales e instituciones análogas, ya sean públicas o privadas, que estarán trabajando el día de las primarias; (f) bomberos y miembros de la Defensa Civil en servicio activo, y (g) cualquier otro funcionario público o elector en situación análoga. *Mundo Ríos v. Gobernador*, ante, págs. 416–417.

Un examen de las disposiciones de la citada Ley Núm. 6 de 24 de septiembre de 1979, ante, revela —según correctamente lo concluyera el foro de instancia— que la misma adolece del mismo defecto que la mencionada legislación sobre primarias locales; esto es, impide que determinados grupos de personas —análogas a las del citado caso de *Mundo Ríos v. Gobernador*, ante— ejerzan su derecho al voto, lo cual constituye "un gravamen impermisible al sufragio universal". Sentencia, ante. Al así hacerlo, dicha legislación resulta igualmente inconstitucional al amparo de las disposiciones pertinentes antes mencionadas de la Constitución del Estado Libre Asociado de Puerto Rico.

*Se dictará sentencia de conformidad.*